UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILORAD OLIC, | No. 2:14-cv-2120 KJM GGH P |
| Petitioner, | |
| v. | ORDER |
| WARDEN JOE A. LIZARRAGA, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has purported to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

The petition contains claims which seek to overturn petitioner's disciplinary convictions, as well as claims concerning the conditions of his confinement at Mule Creek State Prison.

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. § 1983.  Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on

1

circumstances of confinement may be presented in a 1983 action. Muhammad v. Close, 540 U.S.749, 750, 124 S. Ct. 1303, 1304 (2004) (per curiam).

Here, the petition primarily seeks to overturn disciplinary convictions for petitioner's refusal to undergo random drug testing pursuant to the prison's Mandatory Random Urinalysis Program, which is a Division "F" offense. Petitioner claims that he could not provide a urine specimen because he has kidney stones and other infections and medical issues. Each time he refused, he claims he received a prison disciplinary and was assessed thirty days behavioral credits, lost visits, ninety days of C status, and ten days of CTQ (confinement to quarters). The petition claims that petitioner has been forced to undergo weekly testing, except for a two month period when it was apparently stopped. Habeas jurisdiction is therefore proper in regard to petitioner's challenge to the disciplinary convictions. If petitioner were successful, the reversal of these convictions would result in reinstatement of behavioral credits, which would "necessarily accelerate the prisoner's release." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).

Petitioner also claims that his punishment for refusing to undergo drug testing is disproportionate and violates the Eighth Amendment. This is another claim which implicates the validity of the disciplinary sentence, and may proceed in a habeas corpus action.

The petition makes other claims, however, that do not pertain to the validity or duration of petitioner's confinement, but to the conditions of his confinement, the success of which would not result in a speedier release. Preiser, 411 U.S. at 500. He claims that he was assigned a dangerous job in retaliation for refusing to undergo drug testing. He further asserts that his confinement to quarters every seven days for ten day periods of time is illegal, as is his loss of contact visits. These subsidiary claims implicate the conditions of petitioner's confinement because a successful result in petitioner's favor would not necessarily shorten his sentence. See Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).

Because the petition contains both habeas claims and civil rights claims, it will need to be amended. Petitioner shall file an amended petition on the form provided by the court, which shall be limited to his claim seeking to overturn his disciplinary convictions, and his claim of the alleged unconstitutionality of the prison policy which permits such testing. See Docken v. Chase,

393 F.3d 1024, 1031 (9th Cir. 2004).

Petitioner's other claims which sound in civil rights must be brought in a new and separate civil rights action that is filed independently of this action.

As for petitioner's motion "to stay further testing" wherein he seeks an order preventing the prison from performing further random drug testing on him, petitioner is informed that such a motion is not appropriate in habeas, but must be re-filed in his new civil rights action.

Accordingly, IT IS ORDERED that:

1. Petitioner's motion to proceed in forma pauperis is granted;

2. Petitioner's petition for writ of habeas corpus is dismissed with leave to file an amended petition within thirty days from the date of this order;

3. Any amended petition must be filed on the form provided with this order, must name the proper respondent, and must state all claims and prayers for relief on the form; it must bear the case number assigned to this action and the title "Amended Petition"; failure to file an amended petition will result in the dismissal of this action;

4. Petitioner's motion to stay further testing, filed September 12, 2014, (ECF No. 2), is denied without prejudice to its refiling in a separate civil rights action; and

5. The Clerk of the Court shall send petitioner the forms for filing a habeas corpus action and a civil rights action.

Dated: December 8, 2014

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Olic2120.100