UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILORAD OLIC,<br><br>Petitioner,<br><br>v.<br><br>WARDEN JOE A. LIZARRAGA,<br><br>Respondent. | No. 2:14-cv-2120 KJM GGH P<br><br><br><br>ORDER |

Petitioner has filed his second request for an extension of time to file an amended petition pursuant to the court's order of December 8, 2014.  Good cause appearing, the request will be granted.

Petitioner has also filed a motion to retrieve legal files.  (ECF No. 13.)  He claims that since he is Administrative Segregation, the prison is not providing him with his legal property because according to the rules, he can only retrieve his property once, and he already used that opportunity on December 7, 2014.  Petitioner claims to need his legal files and evidence in order to comply with the court's order to file an amended petition.

The court construes petitioner's motion as a motion for a protective order.  As is evident, petitioner's claims that he is being deprived of legal materials and property does not go to the merits of his habeas claims.  Accordingly, this matter may be handled by court order.  Petitioner claims that he previously suffered a loss of property for three months beginning on November 7,

1

2014, which time period recently expired.  However, on January 4, 2015, petitioner claims he was "found wrongly guilty and illegally assessed 6 months loss of property."  He contends that this decision is currently on appeal.  (ECF No. 13 at 1.)

Since petitioner is making his second request for extension of time based on lack of access to his legal property, see ECF No. 8, and because he apparently has not had access to his legal property for almost four months, except for one time, the court will invoke the All Writs Act, 28 U.S.C. § 1651(a).  Usually persons or entities not parties to an action are not subject to orders for injunctive relief.  Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).  However, the fact one is not a party does not automatically preclude the court from acting.  The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law."  See generally S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685 (9th Cir. 1981); United States v. New York Telephone Co., 434 U.S. 159 (1977).  This section does not grant the court plenary power to act in any way it wishes; rather, the All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction.  Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).

The court is concerned that it may lose its jurisdiction if petitioner is unable to prosecute this action because he cannot have access to his legal property at Mule Creek State Prison where he is presently housed.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request for an extension of time (ECF No. 12) is granted; and

2. Petitioner is granted **thirty** days from the date of this order in which to file an amended petition.

3. Petitioner's motion to retrieve legal files, (ECF No. 13), is construed as a motion for a protective order, and as so construed, is granted to the extent that the warden of Mule Creek State Prison or his designee must inform this court, within **twenty-one** days, whether petitioner has been denied access to his legal property; if so, the court must be informed of accommodations being made to permit petitioner to prosecute this action.

/////

4. The Clerk of the Court is directed to serve a copy of this order by U.S. mail upon Warden Joe Lizarraga, Mule Creek State Prison, P. O. Box 409099, Ione, CA 95640.

Dated: February 25, 2015

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076:md/olic2120.111.sec