UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILORAD OLIC, | No. 2:14-cv-2120 KJM GGH P |
| Petitioner, | |
| v. | ORDER |
| WARDEN JOE A. LIZARRAGA, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a "motion to return to Mule Creek State Prison." He sets forth various claims of misconduct by prison officials, including being transferred to another prison based on false information and without notice or paperwork, that he was brutally attacked by a CDCR officer, that he was moved yet again to CSP-Sacramento "without any explanation or ICC endorsement," and that he has no access to library services. Petitioner claims that these actions constitute violations of his constitutional rights.

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a 1983 action.

Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam).

1

Here, the motion does not pertain to the validity or duration of petitioner's confinement which is the subject of his pending habeas petition, but to the conditions of his confinement. It is clear that by this filing petitioner makes new civil rights claims which are appropriate for a new civil rights action, and are not pertinent to this habeas petition.[1]

Accordingly, IT IS ORDERED that: Petitioner's "motion to return to Mule Creek State Prison," filed July 7, 2015, (ECF No. 29), is denied without prejudice to petitioner filing the same claims in a new civil rights action.

DATED: July 13, 2015

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Olic2120.civrts

---

[1] The allegation that petitioner has not received library access does not implicate this habeas corpus action at the present time as the amended petition has already been filed, and respondent is due to file a response shortly. If petitioner encounters problems with library access in preparing his reply, he is directed to immediately inform this court.