UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILORAD OLIC, | No.  2:14-cv-2120 KJM GGH P |
| Petitioner, | |
| v. | ORDER |
| WARDEN JOE A. LIZARRAGA, | |
| Respondent. | |

Petitioner has requested an extension of time to file an opposition to respondent's motion to dismiss.  Good cause appearing, the request will be granted.

Petitioner has also filed a motion to obtain legal material, claiming that when he was transferred from High Desert State Prison to California State Prison Sacramento, much of his legal property was not returned to him.  Although some of it was later returned, he claims that he is still missing "over 500 pages of legal material and 200 sheets of stationary."  (ECF No. 34 at 3.)  According to petitioner, included in the missing documents are his habeas petition, exhibits and his legal notes necessary to respond to the motion to dismiss.

The court construes petitioner's motion as a motion for a protective order.  Because petitioner's claims that he is being deprived of legal materials and property do not go to the merits of his habeas claim, this matter may be handled by court order.  Petitioner claims that he has been moved twice since his previous claim that he was deprived of legal property in February, 2015, and his March 19, 2015 filing indicating that he had since received his legal property.  (ECF Nos.

1

1    13, 17.)    According to his July 27th filing, petitioner was moved from Mule Creek State Prison

2    to High Desert State Prison on or about May 5, 2015.  (ECF No. 34 at 2.)  He indicates that he

3    was moved again a few weeks later, on May 20, 2015, to California State Prison Sacramento.

4    (Id.)  Petitioner states that because he is under a property restriction due to the amount of legal

5    property he has,[1] he requested his property on June 4, 2015, but did not receive it immediately.

6    He eventually did receive all the legal material in his property box on July 20, 2015, but claims

7    that over 500 pages of legal papers are missing, as well as 200 sheets of stationery.  (Id. at 3.)

8    Petitioner claims that although he has filed two 602 appeals concerning his missing property,

9    including one to High Desert State Prison where he thinks this property might still be, he was

10   informed by the property officer that it would take a minimum of six months to process his

11   appeals.  (Id. at 4.)

12          Since petitioner is making his third request for extension of time based on lack of access

13   to his legal property, see ECF Nos. 8, 13, and because he has been transferred a few times within

14   a few months, making it more likely that his property could be misplaced, the court will invoke

15   the All Writs Act, 28 U.S.C. § 1651(a).  Usually persons or entities not parties to an action are not

16   subject to orders for injunctive relief.  Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S.

17   100 (1969).  However, the fact one is not a party does not automatically preclude the court from

18   acting.  The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or

19   appropriate in aid of their jurisdictions and agreeable to the usages and principles of law."  See

20   generally S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685 (9th Cir. 1981); United States v.

21   New York Telephone Co., 434 U.S. 159 (1977).  This section does not grant the court plenary

22   power to act in any way it wishes; rather, the All Writs Act is meant to aid the court in the

23   exercise and preservation of its jurisdiction.  Plum Creek Lumber Company v. Hutton, 608 F.2d

24   1283, 1289 (9th Cir. 1979).

25          The court is concerned that it may lose its jurisdiction if petitioner is unable to prosecute

26   this action because he cannot have access to his legal property at California State Prison where he

27

28   [1]  Petitioner states that he has twenty-three lawsuits.  (Id. at 2.)

2

1    is presently housed.  On the other hand, the court is concerned that petitioner is manipulating

2    legal access to the courts to the point where undue burden is being placed on prison officials.

3          Petitioner has previously accused prison officials of confiscating his legal property, and

4    this court has previously ordered the prison to respond to his allegations.  See ECF Nos. 13, 14,

5    16.  Petitioner's circumstances have changed, however, since the Respondent's filing of March

6    10, 2015, assuring the court that petitioner had not been denied access to his legal materials as of

7    that time.  Since petitioner has been moved twice since then and the filing he is prevented from

8    preparing is an opposition to a motion to dismiss, prison officials will again be ordered to respond

9    to petitioner's claims.

10          Accordingly, IT IS HEREBY ORDERED that:

11          1.  Petitioner's July 26, 2015 request for an extension of time (ECF No. 33) is granted;

12          2.  Petitioner shall file an opposition to the motion to dismiss by **September 15, 2015**;

13          3.  Petitioner's motion to obtain legal material, filed July 27, 2015 (ECF No. 34), is

14    construed as a motion for a protective order, and as so construed, is granted to the extent that the

15    warden of California State Prison Sacramento or his designee must inform this court, within

16    **twenty-one** days, whether petitioner has been denied access to his legal property; if so, the court

17    must be informed of accommodations being made to permit petitioner to prosecute this action;

18    and

19          4.  The Clerk of the Court is directed to serve a copy of this order by U.S. mail upon

20    Warden Jeff Macomber, California State Prison Sacramento, P. O. Box 290002, Represa, CA

21    95671.

22    Dated: August 6, 2015

23                               /s/ Gregory G. Hollows

24                         UNITED STATES MAGISTRATE JUDGE

25

26

27

28