UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILORAD OLIC, | No. 2:14-cv-2120 KJM GGH P |
| Petitioner, | |
| v. | |
| WARDEN JOE A. LIZARRAGA, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

    Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On October 7, 2015, petitioner was ordered to show cause, within twenty-one days, why respondent's July 17, 2015 motion to dismiss should not be granted. At that time, petitioner was warned that failure to file an opposition would result in a recommendation that this action be dismissed. The twenty-one day period has now expired, and petitioner has not shown cause or otherwise responded to the court's order. Although petitioner was granted an extension of time to file an opposition, he failed to do so. The court also responded to petitioner's requests for his legal property, including one such request after the motion to dismiss was filed, requiring the prison to respond, which it did to the court's satisfaction.

1

In addition, the court has reviewed the motion to dismiss for failure to state a claim for habeas relief. The court finds that on the face of it, the motion has merit. Petitioner's claim is that his Fourth Amendment rights were violated by random urinalysis testing as part of a mandatory standardized drug testing program, resulting in thirty days loss of credits. Because petitioner is serving an indeterminate sentence of thirteen years to life, under Nettles v. Grounds, 788 F.3d 992, 1000 (9th Cir. 2015), an order restoring thirty days of behavior credits is too speculative to meet the standard set forth in Skinner v. Switzer, 562 U.S. 521, 131 S.Ct. 1289 (2011). After examining the Supreme Court's decision in Skinner, the Ninth Circuit clarified that "in cases involving challenges to prison disciplinary proceedings, the writ of habeas corpus extends only to claims that, if successful, will 'necessarily spell speedier release.'" Nettles, 788 F.3d at 1001 (quoting Skinner, 562 U.S. at 535). As in Nettles, petitioner's indeterminate sentence bears on this finding: this court could only speculate what effect, if any, a prison rules violation conviction suffered in 2014, with petitioner only three years into an indeterminate sentence of thirteen years to life imprisonment, will have on his possible parole eligibility in the distant future.

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss, filed July 17, 2015 (ECF No. 32), be granted; and

2. The District Court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1 | "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2 | shall be served and filed within seven (7) days after service of the objections.  The parties are
3 | advised that failure to file objections within the specified time may waive the right to appeal the
4 | District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 199
5 | DATED:  November 27, 2015

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Olic2120.fr