UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILORAD OLIC,<br><br>          Petitioner,<br><br>     v.<br><br>WARDEN JOE A. LIZARRAGA,<br><br>          Respondent. | No.  2:14-cv-2120 KJM GGH P<br><br><br><br>ORDER |

INTRODUCTION

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On February 9, 2016, the district court declined to adopt this court's findings and recommendations recommending dismissal for failure to oppose respondent's motion to dismiss, giving petitioner an opportunity to prosecute this action based on petitioner's January 4, 2016 filing which the court construed as an "overdue opposition."  The court ordered respondent to file a reply, and referred the motion to this court to decide it on the merits.  The undersigned issued findings and recommendations on March 25, 2016, recommending that respondent's motion to dismiss be granted on the merits, finding that to grant petitioner's claim would not necessarily result in earlier release under controlling law at the time,

1

and therefore he could not state a cognizable habeas claim. The undersigned also found that in the event the action could be re-characterized as a Civil Rights action, it did not violate the Fourth or Eighth Amendments. On September 8, 2016, the district court declined to adopt the findings and recommendations, and referred the motion to dismiss back to the undersigned for further consideration in light of the Ninth Circuit's recent opinion in Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016) (en banc). Consequently, petitioner will be required to show cause why respondent's motion to dismiss should not be granted and this petition dismissed for lack of jurisdiction.

BACKGROUND

This action is proceeding on the amended petition, filed March 26, 2015. Petitioner's claim is that his Fourth and Eighth Amendment rights were violated by random urinalysis testing as part of a mandatory standardized drug testing program, with which he refused to comply, resulting in a prison disciplinary and mandatory weekly drug testing for one year, with resulting thirty days loss of credits for every time that petitioner refuses testing. Petitioner claims he was improperly selected for random drug testing because he has never used drugs, never been charged with a drug related offense, and never been suspected of using drugs. (ECF No. 18 at 8.) It appears that petitioner refused to submit to random testing on numerous occasions over a period between February and November, 2014. (Id. at 37-66.)

Respondent moves to dismiss for failure to state a claim, contending specifically that expungement of the disciplinary charges will not necessarily spell speedier release, and that the claims are based on an alleged violation of state law.

DISCUSSION

    I.    Legal Standards for Habeas Jurisdiction

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016) (en banc), the Ninth Circuit recently addressed the issue of whether a habeas corpus action

2

is the appropriate vehicle to challenge a disciplinary conviction when it will not necessarily impact the fact or duration of an inmate's confinement. The Ninth Circuit held that if success on the merits of a petitioner's challenged disciplinary proceeding would not necessarily impact the fact or duration of his confinement, his claim would not fall within "the core of habeas corpus," and that, unless a state prisoner's claim lies at the core of habeas corpus, it may not be brought in habeas corpus. Id. at 934-35.

The court in Nettles reasoned that "[s]uccess on the merits of Nettles's claim would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole." Id. This is "[b]ecause the parole board has the authority to deny parole on the basis of any grounds presently available to it, [so] the presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of an infraction compel the grant of parole." Id. at 935 (internal quotation marks and citation omitted).

Petitioner, like Nettles, is indeterminately sentenced and has yet to be found suitable for parole. Expunging petitioner's prison disciplinary conviction would not necessarily lead to his speedier release from prison. Because petitioner is serving an indeterminate sentence of thirteen years to life, an order restoring thirty days of behavior credits is too speculative to meet the standard set forth in Nettles.[1]

---

[1] Even if petitioner were to lose thirty days of behavior credits every time he refuses to submit to drug testing, as he has stated he intends to do, an order restoring a greater number of credits is equally speculative.

> In Sandin, the U.S. Supreme Court concluded that a *possible* loss of credits due to a disciplinary conviction was insufficient to give rise to a liberty interest where "[n]othing in [the State's] code requires the parole board to deny parole in the face of a misconduct record or to grant parole in its absence, even though misconduct is by regulation a relevant consideration." Sandin, 515 U.S. at 487. The Court went on to note that "[t]he decision to release a prisoner rests on a myriad of considerations," and an inmate is generally "afforded procedural protection at this parole hearing in order to explain the circumstances behind his misconduct record." Id. at 487. The Court held that "[t]he chance that a finding of misconduct will alter the balance is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." Id.

3

As in Nettles, petitioner's indeterminate sentence bears on this finding: this court could only speculate what effect, if any, a prison rules violation conviction suffered in 2014, with petitioner only three years into an indeterminate sentence of thirteen years to life imprisonment, will have on his possible parole eligibility in the distant future. Based on the standard announced by the Ninth Circuit in Nettles, the undersigned finds that petitioner has not stated any cognizable federal habeas claim. Based on the foregoing, petitioner will be required to show cause explaining why the court has jurisdiction over this habeas action in light of the decision in Nettles.

II. Alleged Violation of State Law[2]

For the sake of argument, in the event that this action could be re-characterized as a Civil Rights action, the court addresses respondent's second argument. Respondent asserts that the requirement of mandatory urine samples for presence of drugs or alcohol is governed by state law, and petitioner is actually challenging an error of state law which cannot be re-characterized as a Fourth Amendment violation.

A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of some transgression of federal law binding on the state courts. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). It is unavailable for alleged error in the interpretation or application of state law. Middleton v. Cupp, 768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986). Habeas corpus cannot be utilized to try state issues de novo. Milton v. Wainwright, 407 U.S. 371, 377, 92 S. Ct. 2174, 2178 (1972).

The Supreme Court has reiterated the standards of review for a federal habeas court. Estelle v. McGuire, 502 U.S. 62, 112 S. Ct. 475 (1991). In Estelle v. McGuire, the Supreme Court reversed the decision of the Court of Appeals for the Ninth Circuit, which had granted federal habeas relief. The Court held that the Ninth Circuit erred in concluding that the evidence

---

Madrid v. Sherman, 2016 WL 279111, at *2 (E.D. Cal. Jan. 22, 2016) (emphasis in original).
[2] This section is repeated from the findings and recommendations originally filed on March 25, 2016, as the analysis is not affected by the Ninth Circuit's recent decision in Nettles.

4

was incorrectly admitted under state law since, "it is not the province of a federal habeas court to reexamine state court determinations on state law questions." Id. at 67-68, 112 S. Ct. at 480. The Court re-emphasized that "federal habeas corpus relief does not lie for error in state law." Id. at 67, 112 S. Ct. at 480, citing Lewis v. Jeffers, 497 U.S. 764, 110 S. Ct. 3092, 3102 (1990), and Pulley v. Harris, 465 U.S. 37, 41, 104 S. Ct. 871, 874-75 (1984) (federal courts may not grant habeas relief where the sole ground presented involves a perceived error of state law, unless said error is so egregious as to amount to a violation of the Due Process or Equal Protection clauses of the Fourteenth Amendment).

The Supreme Court further noted that the standard of review for a federal habeas court "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States (citations omitted)." Id. at 68, 112 S. Ct. at 480. The Court also stated that in order for error in the state trial proceedings to reach the level of a due process violation, the error had to be one involving "fundamental fairness," Id. at 73, 112 S. Ct. at 482, and that "we 'have defined the category of infractions that violate "fundamental fairness" very narrowly.'" Id. at 73, 112 S. Ct. at 482. As more recently re-emphasized by the Supreme Court, "'a mere error of state law ... is not a denial of due process.'" Rivera v. Illinois, 556 U.S. 148, 129 S. Ct. 1446, 1454 (2009) (quoting Engle v. Isaac, 456 107, 121, n. 21, 102 S. Ct. 1558 [] (1982)). A petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). "[A] mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas." Gilmore v. Taylor, 508 U.S. 333, 348-49, 113 S.Ct. 2112, 2121 (1993).

Petitioner's claim that his punishment for refusing drug testing is unfair, alleges only a state law violation. The testing provision and punishment are set forth in Cal. Code Regs. Tit. 15, § 3290 which provides in part:

> (c) The securing of a urine sample from an inmate, for the purpose of testing for the presence of controlled substances or for use of alcohol may be done for the following reasons:
>
> …
>
> (4) The inmate is selected by the department's mandatory

> standardized random drug testing selection process.
>
> …
>
> (d) Inmates must provide a urine sample when ordered to do so pursuant to these regulations, for the purpose of testing for the presence of controlled substances or the use of alcohol.

Refusal to submit to testing for drugs or alcohol is a serious rule violation, and a Division F offense, resulting in credit forfeiture of 0-30 days. Cal. Code Regs. Tit. 15, § 3315(a)(3)(R), 3323(h)(5).

Petitioner basically contends that he was unfairly penalized for refusing to submit to random drug testing as required by these regulations; however, federal habeas corpus relief does not lie for violations of state regulations. To the extent petitioner's argument is procedural, failure to follow California's administrative regulations is an error of state law not cognizable on habeas review in the federal courts. Vasquez v. Gonzalez, 2010 WL 503028, at *8 (C.D. Cal. Feb. 4, 2010). The California Superior Court interpreted its own state laws, and found that the CDCR's drug testing policy did not violate the constitution. (ECF No. 18 at 32-33) (finding that petitioner failed to show regulation requiring random drug testing was unduly burdensome, met no legitimate penological objective, or that it was arbitrarily applied). Since a federal court on federal habeas review cannot challenge a state court's interpretation of state law, petitioner's claim based on state law is not cognizable in this federal court.

In order for petitioner's claim to succeed, it must rise to the level of a substantive constitutional violation. The Ninth Circuit has found that urine testing for drugs in prisons is reasonably related to the prison officials' legitimate penological interest in keeping drugs out of prison. Thompson v. Souza, 111 F.3d 694, 702 (9th Cir. 1997) (finding that even non-random testing is permissible). Petitioner's claim that urine testing violates the Fourth Amendment has been rejected by the Ninth Circuit. Id. at 702. See also Maldanodo v. Yates, 2013 WL 2457479 (E.D. Cal. 2013). Therefore, petitioner's claim that he is being punished by being forced to submit to weekly drug testing for a year, or lose thirty days of credits each time he refuses, is not so egregious as to violate the Fourth Amendment.[3]

---

[3] Because the Fourth Amendment encompasses petitioner's claim, no claim for substantive due

6

In regard to his Eighth Amendment claim that random drug testing every week as well as loss of thirty days of behavior credits every week is disproportionate punishment, such claims have also been rejected by district courts in the Ninth Circuit.  See Cruz-Tercero v. Banks, 2012 WL 3155552, at *6 (C.D. Cal. May 29, 2012) (finding disallowance of 27 days of good conduct time, or 27 additional days of incarceration not disproportionate to 80 month sentence); Cole v. Sisto, 2010 WL 2303257, at *2 (E.D. Cal. June 7, 2010) (claim that forfeiture of time credits, addition of points to classification score, or temporary loss of yard or canteen privileges violated Eighth Amendment was "plainly frivolous"); Brown v. Cate, 2010 WL 2132305, at *3 (S.D. Cal. Apr. 23, 2010) (good time credits do not affect length of sentence but only when prisoner can be released on parole, so claim that prison failed to restore such credits does not state a claim under Eighth Amendment); Jones v. Schriro, 2009 WL 775384, at *11 n. 1 (D. Az. Mar. 20, 2009) (in order for Eighth Amendment violation to occur, sentence must be "grossly disproportionate" to crime).  Cf. Harmelin v. Michigan, 501 U.S. 957, 959 (1991) (Eighth Amendment "forbids only extreme sentences that are grossly disproportionate to the crime," and finding no violation for sentence of life without possibility of parole for possessing large amount of drugs); Hinkley v. Warner, 616 Fed. Appx. 255, 2015 WL 5172870 at *1 (9th Cir. Sept. 4, 2015) (in civil rights context, no liability for random urinalysis testing unless prison official knows of and disregards substantial risk of harm to prisoner).  Petitioner's Eighth Amendment claim has no merit.

### III. Conversion to Civil Rights Claim

While the information currently before the court makes it appear likely that petitioner will be unable to maintain this case as a petition for habeas corpus, should that in fact be the case, it is possible, although improbable as analyzed in the previous section, that he could present this claim as a civil rights action under § 1983.  "[W]hen a prisoner's claim would not necessarily spell speedier release, that claim does not lie at 'the core of habeas corpus,' and may be brought, if at all, under § 1983."  Nettles, 830 F.3d at 930 (some internal quotation marks omitted) (quoting Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)).

---

process will lie.  Albright v. Oliver, 510 U.S. 266, 273 (1994) citing Graham v. Connor, 490 U.S. 386, 395 (1989).

> "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act..., 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983.

Hill v. McDonough, 547 U.S. 573, 579 (2006) (internal citations omitted) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)).

"[A] district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner." Nettles, 830 F.3d at 936. "'If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint.'" Id. (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)).

If petitioner is unwilling or unable to persuade the court that Nettles does not bar habeas jurisdiction in this case, he may convert his claim into a civil rights action under § 1983. However, petitioner is informed that a habeas corpus action and a prisoner civil rights suit differ in a variety of respects, such as the proper defendants, type of relief available, filing fees and the means of collecting them, and restrictions on future filings. Nettles, 830 F.3d at 936 (quoting Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011)). The exhaustion requirements for a § 1983 case also differ from those required in a habeas action.[4] These differences "'may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus.'" Id.

If petitioner chooses to convert his claim he will be required to amend his complaint so that it names the proper defendants and seeks the correct relief. Converting the claim into a civil rights action will also obligate petitioner for the full amount of the $350.00 filing fee, even if

---

[4] Inmates are required to exhaust available administrative remedies before bringing a civil rights suit under § 1983.

8

petitioner proceeds in forma pauperis under 28 U.S.C. § 1915.[5] Petitioner will be responsible for an initial partial filing fee and thereafter payments from petitioner's trust account will be forwarded to the clerk of court any time the amount in the account exceeds $10 until the filing fees are paid. See 28 U.S.C. § 1915(b)(1)(A), (B); § 1915(b)(2).

Petitioner also has the option of dismissing his habeas petition without prejudice to refiling his claim as a § 1983 case. However, he is warned that if he dismisses and refiles he will be subject to a possible statute of limitations bar as well as the other challenges inherent in bringing his claim as a § 1983 case discussed above. See Wallace v. Kato, 549 U.S. 384, 385 (2007) (The statute of limitations in a § 1983 action is that provided by the state for personal-injury torts).[6]

Once petitioner informs the court of whether he will show cause, consent to recharacterization of his claim, or voluntarily dismiss this action, he will receive further instructions from the court on how to proceed. If petitioner chooses to show cause and is not able to persuade the court that it has habeas jurisdiction, he will be given a second opportunity to convert his claim into a § 1983 case.

Nevertheless, based on the undersigned's analysis of petitioner's claims as Fourth or Eighth Amendment violations, petitioner is advised that his chances of success with a Civil Rights action are minimal.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that: within fourteen days of this order, petitioner shall notify the court in writing whether he would like to: (1) Respond, explaining why Nettles does not prevent this court from exercising jurisdiction over his habeas petition, (2)

////

////

---

[5] Petitioner's motion to proceed in forma pauperis in this action was granted and included the documentation necessary to grant in forma pauperis status in a civil rights suit. ECF Nos. 3, 7.

[6] California law provides a two-year statute of limitations for personal-injury actions, plus an additional two years tolling the statute of limitations based on the disability of imprisonment. See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (citing Cal. Civ. Proc. Code §§ 335.1, 352.1).

Convert his habeas petition into a § 1983 claim, or (3) Dismiss this action without prejudice to refiling his claim as a § 1983 claim, subject to any statute of limitations issues.

Dated: January 7, 2017

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/Olic2120.mtd-3

10